**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Email: lrosen@rosenlegal.com
*Counsel for Julie Kim and*
*[Proposed] Lead Counsel for Plaintiff and the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY HSU, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> PUBMATIC, INC., RAJEEV K. GOEL, and STEVEN PANTELICK, <br><br> Defendants. | Case No. 3:25-cv-07067-JSC <br><br> **NOTICE OF MOTION AND MOTION OF JULIE KIM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> CLASS ACTION <br><br> Judge: Jacqueline Scott Corley <br> Hearing: December 4, 2025 <br> Time: 10:00 a.m. <br> Courtroom: 8—19th Floor (San Francisco) |

**PLEASE TAKE NOTICE** that on December 4, 2025 at 10:00 a.m. before the Honorable Jacqueline Scott Corley, movant Julie Kim[1] ("Movant") will and does move this Court for an order granting the Motion: (a) appointing Movant as Lead Plaintiff; and (b) approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel.

This Motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of

---

[1] Julie Kim pursues claims in this litigation in connection with the PubMatic securities transactions of her husband, Yunsoo Lee. Yunsoo Lee has duly assigned to Julie Kim the right to pursue such claims. See Declaration of Laurence M. Rosen ("Rosen Decl."), Ex. 3.

1

1995 (the "PSLRA"), on the grounds that: (1) Movant should be appointed as Lead Plaintiff for the class of purchasers of PubMatic, Inc. ("PubMatic" or the "Company") securities between February 27, 2025 and August 11, 2025, inclusive (the "Class Period"), as Movant timely made this Motion, has the largest financial interest, and otherwise satisfies the pertinent requirements of Federal Rule of Civil Procedure 23; and (2) Movant's selection of Rosen Law as Lead Counsel should be approved as Rosen Law is well-qualified, with extensive experience in cases of this type.

In support of this Motion, Movant files herewith a memorandum of points and authorities, the Declaration of Laurence M. Rosen, the certification of Laurence M. Rosen pursuant to L.R. 23-1(d), a certification pursuant to L.R. 3-15, and a proposed order.

## MEMORANDUM OF POINTS AND AUTHORITIES

Movant respectfully submits this memorandum in support of her motion for an Order, pursuant to Section 21D of the Exchange Act, as amended by the PSLRA:

(1)    appointing Movant as Lead Plaintiff for all persons other than defendants who purchased the securities of PubMatic during the Class Period, seeking to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(2)    appointing Rosen Law as Lead Counsel for the Class.

### I.    STATEMENT OF ISSUES TO BE DECIDED

(1)    Whether the Court should appoint Movant as Lead Plaintiff pursuant to 15 U.S.C. 78u-4(a)(3)(B); and

(2)    Whether the Court should approve Movant's selection of Rosen Law as Lead Counsel for the class pursuant to 15 U.S.C. 78u-4(a)(3)(B)(v).

### II.    CLAIMS ASSERTED

This action was commenced on August 20, 2025, asserting claims against PubMatic, Inc., Rajeev K. Goel, and Steven Pantelick ("Defendants") for violations of §§ 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder. That same day, an early notice pursuant to the PSLRA was issued, advising potential Class members of, among other things, the claims

alleged in the action and the 60-day deadline for Class members to move to be appointed as lead plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration").

PubMatic is a technology company which enables real time programmatic advertising transactions for advertisers, agencies, and demand side platforms ("DSPs"). Programmatic advertising purportedly enables buyers to purchase ad impressions on publisher supplied inventory within milliseconds in a sophisticated, technology-driven marketplace. The Company primarily generates its revenue from the use of its platform for the purchase and sale of digital advertising inventory. Defendant PubMatic is incorporated under the laws of Delaware. The Company maintains a headquarters location in Redwood City, California. PubMatic's common stock trades on the NASDAQ exchange under the symbol "PUBM."

The Complaint alleges that throughout the Class Period, Defendants made materially false and/or misleading statements and/or failed to disclose to investors that: (1) a top DSP buyer was shifting a significant number of clients to a new platform which evaluated inventory differently; (2) as a result, PubMatic was seeing a reduction in ad spend and revenue from this top DSP buyer; and (3) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On August 11, 2025, after the market closed, PubMatic released its second quarter 2025 financial report. In its report, PubMatic's Chief Financial Officer, Steven Pantelick, revealed that the Company's outlook reflects "*a reduction in ad spend from one of [its] top DSP partners.*" The Company's Chief Executive Officer, Rajeev Goel, further revealed that a "top DSP buyer" had "shifted a significant number of clients to a new platform that evaluates inventory differently" causing significant headwinds. Goel stated, in response to the inventory valuation change, the Company would "need to do a better job . . . to prioritize across all the hundreds of billions of daily ad impressions that we have, which subset of those impressions that we send to this DSP."

On this news, PubMatic's stock price fell $2.23, or 21.1%, to close at $8.34 per share on August 12, 2025, on unusually heavy trading volume.

NOT. OF MTN. AND MTN. OF JULIE KIM FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF – Case No. 3:25-cv-07067-JSC

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Movant and other Class members have suffered significant losses and damages.

## III.    ARGUMENT

### 1.    Movant Should Be Appointed Lead Plaintiff

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies the above criteria, having the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

### A.    Movant Is Willing to Serve as Class Representative

Movant timely filed the instant motion in response to a PSLRA early notice and filed herewith a PSLRA certification attesting that Movant is willing to serve as a representative of the Class and is willing to provide testimony at deposition and trial, if necessary. *See* Rosen Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B.    Movant Has the Largest Financial Interest in the Action

4

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group … that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To determine which movant has the largest financial interest, Courts in this Circuit typically apply the *Olsten-Lax* factors, which are: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class periods; and (4) the approximate losses suffered." *Richardson v. TVIA, Inc.*, 2007 WL 1129344, at *3 (N.D. Cal. Apr. 16, 2007) (citing *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y.1998)).

Here, Movant: (i) purchased 2,940 shares of PubMatic; (ii) retains 2,340 shares of PubMatic; (iii) expended a net sum of $34,049.60 on those purchases; and (iv) as a result, incurred losses of approximately $7,212.91. See Rosen Decl., Ex. 4 (Movant's loss chart). Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*,

306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus …" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movant fulfills all the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the Class, and Movant's claims are typical of the members of the Class. Movant and all members of the Class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about the Company and its business. Movant, as did all the members of the Class, purchased the Company's securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the Class.

Movant lives in New York where she runs her own business. Movant has a master's degree in education and has been investing for approximately 5 years. Thus, the close alignment of interests between Movant and other Class members, and Movant's desire to prosecute this action on behalf of the Class, provides ample reason to appoint Movant as Lead Plaintiff.

### D. Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Movant's ability and desire to fairly and adequately represent the Class has been discussed above. Movant is not aware of any unique defenses that Defendants could raise against Movant

that would render Movant inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

### 2. Movant's Selection of Counsel Should Be Approved

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. Rosen Law has been actively researching the Class's and the Movant's claims, reviewing publicly available financial and other documents and gathering information in support of the claims against the Defendants. Furthermore, Rosen Law is experienced in securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in numerous courts throughout the nation. Rosen Law has prosecuted securities fraud class actions and other complex litigation and has obtained substantial recoveries on behalf of investors. Rosen Law's firm resume is attached as Exhibit 4 to the Rosen Declaration.

As a result of the firm's experiences in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable it to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of counsel, the members of the Class will receive the best legal representation available.

## IV. CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Rosen Law as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: October 20, 2025          Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

*/s/ Laurence M. Rosen*
Laurence M. Rosen, Esq. (SBN 219683)

7

355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Email: lrosen@rosenlegal.com
*Counsel for Julie Kim and*
*[Proposed] Lead Counsel for Plaintiff and the Class*

NOT. OF MTN. AND MTN. OF JULIE KIM FOR APPT. AS LEAD PLAINTIFF &
APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF – Case No. 3:25-cv-
07067-JSC

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am not a party to the above case and I am over the age of eighteen.

On October 20, 2025, I electronically filed the following **NOTICE OF MOTION AND MOTION OF JULIE KIM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on October 20, 2025.

*/s/ Laurence M. Rosen*

Laurence M. Rosen

NOT. OF MTN. AND MTN. OF JULIE KIM FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF – Case No. 3:25-cv-07067-JSC