Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Charles H. Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Pavithra Rajesh (SBN 323055)
  *prajesh@glancylaw.com*
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Plaintiff Sidney Hsu and Proposed Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY HSU, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>      v.<br><br>PUBMATIC, INC., RAJEEV K. GOEL, and STEVEN PANTELICK,<br><br>        Defendants. | Case No. 3:25-cv-07067-JSC<br><br>**NOTICE OF MOTION AND MOTION OF SIDNEY HSU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: December 4, 2025<br>Time: 10:00 a.m.<br>Crtrm.: 8 – 19th Floor<br>Judge: Jacqueline Scott Corley |

MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL
Case No. 3:25-cv-07067-JSC

## <u>NOTICE OF MOTION AND MOTION</u>

**TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on December 4, at 10:00 a.m., or as soon thereafter as the matter can be heard in the courtroom of the Honorable Jacqueline Scott Corley, in Courtroom 8, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Sidney Hsu ("Hsu") will move this Court for entry of an Order: (i) appointing Hsu as Lead Plaintiff; (ii) approving Hsu's selection of Glancy Prongay & Murray LLP as Lead Counsel; and (iii) granting such other and further relief as the Court may deem just and proper.

This motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and the Federal Rules of Civil Procedure. In support of this Motion, Hsu submits a Memorandum of Points and Authorities in support thereof and the Declaration of Charles H. Linehan and the exhibits attached thereto, and all of the prior pleadings and other files in this matter, and such other written or oral arguments as may be permitted by the Court.

This motion is made on the grounds that Hsu is the most adequate plaintiff, as defined by the PSLRA, based on his significant losses suffered as a result of the Defendants' wrongful conduct as alleged in the above-referenced actions. Further, Hsu satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he will fairly and adequately represent the interests of the class.

Hsu is cognizant of the Court's notice requiring parties to meet and confer before filing any motion in light of the government shutdown, and respectfully requests that the requirement be waived for this motion. The PSLRA permits any member of the plaintiff class to file a lead plaintiff motion no later than 60 days after the date notice of the action was first published. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). The motion deadline is today. Hsu does not know who else plans to move for appointment as lead plaintiff (if anyone) and will not know until after the deadline has passed and all movants have filed their respective motions. As such, Hsu, as a practical matter,

MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL
Case No. 3:25-cv-07067-JSC

1

cannot meet with the other interested parties prior to the PSLRA-mandated deadline. Moreover, Hsu maintains that the defendants do not have standing to oppose Hsu's motion since the PSLRA contemplates that only the competing movants have a right to challenge competing lead plaintiff motions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (the lead plaintiff presumption "may be rebutted only upon proof by a member of the purported plaintiff class").

<b><u>STATEMENT OF THE ISSUES TO BE DECIDED</u></b>

1.      Whether the Court should appoint Sidney Hsu as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

2.      Whether the Court should approve Lead Plaintiff's selection of Glancy Prongay & Murray LLP as Lead Counsel for the Class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

<b><u>MEMORANDUM OF POINTS AND AUTHORITIES</u></b>

Sidney Hsu ("Hsu") respectfully submit this memorandum of law in support of his motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") for an Order: (1) consolidating the above-captioned actions; (2) appointing Hsu as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (3) approving Hsu's selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.      PRELIMINARY STATEMENT

This is a class action on behalf of investors that purchased or otherwise acquired PubMatic, Inc. ("PubMatic" or the "Company") securities between February 27, 2025 and August 11, 2025, inclusive (the "Class Period").

The PSLRA provides that the Court shall appoint the "most adequate plaintiff" as lead plaintiff—*i.e.* The plaintiff most capable of adequately representing the interests of class members. The PSLRA also provides a presumption that the most adequate plaintiff is the person or group of persons with the largest financial interest in the relief sought by the class who otherwise satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure.

Hsu has "the largest financial interest in the relief sought by the class" as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Hsu satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims, and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Hsu respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Hsu's selection of GPM as lead counsel for the class should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND

PubMatic is a technology company which enables real time programmatic advertising transactions for advertisers, agencies, and demand side platforms ("DSPs"). Programmatic advertising purportedly enables buyers to purchase ad impressions on publisher supplied inventory within milliseconds in a sophisticated, technology-driven marketplace. The Company primarily generates its revenue from the use of its platform for the purchase and sale of digital advertising inventory.

The complaint filed in this action allege that throughout the Class Period, Defendants made false and/or misleading statements and failed to disclose material adverse facts about PubMatic's business. Specifically, Defendants failed to disclose to investors: (1) that a top DSP buyer was shifting a significant number of clients to a new platform which evaluated inventory differently; (2) that, as a result, PubMatic was seeing a reduction in ad spend and revenue from this top DSP buyer; and (3) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On August 11, 2025, after the market closed, PubMatic released its second quarter 2025 financial report. In its report, PubMatic's Chief Financial Officer, Steven Pantelick, revealed that the Company's outlook reflects "a reduction in ad spend from one of [its] top DSP partners." The

Company's Chief Executive Officer, Rajeev Goel, further revealed that a "top DSP buyer" had "shifted a significant number of clients to a new platform that evaluates inventory differently" causing significant headwinds. Goel stated, in response to the inventory valuation change, the Company would "need to do a better job . . . to prioritize across all the hundreds of billions of daily ad impressions that we have, which subset of those impressions that we send to this DSP."

On this news, PubMatic's stock price fell $2.23, or 21.1%, to close at $8.34 per share on August 12, 2025, on unusually heavy trading volume.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Hsu and other class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    Hsu Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, Hsu has complied with all the PSLRA's requirements and satisfies all the PSLRA criteria to be appointed lead plaintiff. Hsu, to the best of his knowledge, has the largest financial interest in this litigation, satisfies the relevant requirements of Federal Rule of Civil Procedure 23 and is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Hsu respectfully submits that he should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, it becomes the presumptively most adequate plaintiff").

**1.      Hsu Filed The Complaint And A Timely Motion**

Hsu filed the complaint in this action and has made a timely motion in response to a PSLRA early notice. On August 20, 2025, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Charles H. Linehan ("Linehan Decl."), Ex. A. Therefore, Hsu had sixty days (*i.e.*, until October 20, 2025) to file a motion to be appointed as lead plaintiff. As a purchaser of PubMatic securities during the Class Period, Hsu is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Hsu attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as representative of the class. *See* Dkt. No. 1 at 22-23. Accordingly, Hsu satisfies the first requirement to serve as lead plaintiff for the class.

**2.      Hsu Has The Largest Financial Interest In The Relief Sought By The Class**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Hsu believes that

he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."

Hsu purchased PubMatic securities during the Class Period at prices impacted by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $5,397.38. *See* Linehan Decl., Ex. B. To the best of his knowledge, Hsu is not aware of any other class member that has filed a motion for appointment as lead plaintiff who is claiming a larger financial interest. As such, Hsu believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiffs for the class.

### 3.    Hsu Satisfies The Requirement Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *See Hessefort v. Super Micro Computer, Inc.*, 317 F. Supp. 3d 1056, 1060 (N.D. Cal. 2018). At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the

lead plaintiff moves for class certification." *Richardson v. TVIA*, No. 06-cv-06304, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730).

### a)    Hsu's Claims Are Typical

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." A proposed lead plaintiff's claims are typical if "other members have the same or similar injury . . . the action is based on conduct which is not unique to the named plaintiffs . . . and . . . other class members have been injured by the same course of conduct." *Super Micro*, 317 F. Supp. 3d at 1061.

Here, Hsu's claims are typical of the claims asserted by the proposed class. Like all members of the class, Hsu purchased PubMatic securities during the Class Period and suffered losses as a result of his transactions. Like all members of the class, Hsu alleges that Defendants violated federal securities laws by disseminating materially misleading statements concerning PubMatic's operations and financial prospects. Hsu's losses, like the losses suffered by all other members of the class, arise from the artificial inflation of PubMatic's stock price caused by Defendants' alleged misrepresentations and omissions. Accordingly, Hsu's interests and claims are typical of the interests and claims of the class.

### b)    Hsu Is An Adequate Representative

A lead plaintiff movant is adequate so long as he and his counsel have no conflicts of interest with other class members and they will prosecute the action vigorously on behalf of the class. *See Super Micro*, 317 F. Supp. 3d at 1061.

Here, Hsu easily satisfies the adequacy requirements. Hsu's financial interest demonstrates that he has a sufficient incentive to ensure vigorous advocacy, and "no evidence exists to suggest that [Hsu is] antagonistic to other members of the class or his attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). Hsu resides in South Jordan, Utah, and has been managing his own investments for more than 30 year. Hsu is retired and has an MBA degree from George Washington University. Hsu has also retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Linehan Decl., Ex.

C (the firm's résumé). In addition, Hsu is not aware of any conflict between his claims and those asserted on behalf of the class. As such, Hsu should be appointed as lead plaintiff.

### B.    The Court Should Approve Lead Plaintiff's Choice Of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Hsu has selected GPM as lead counsel for the class. As reflected by the firm's résumé, attached to the Linehan Declaration as Exhibit C, the Court may be assured that, by granting Hsu's Motion, the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Hsu's selection of counsel.

## IV.    CONCLUSION

For the foregoing reasons, Hsu asks the Court to grant his Motion and enter an Order: (i) appointing Hsu as Lead Plaintiff; (ii) approving Hsu's selection of GPM as Lead Counsel; and (iii) granting such other and further relief as the Court may deem just and proper.

DATED:  October 20, 2025                    Respectfully submitted,

                                            **GLANCY PRONGAY & MURRAY LLP**

                                            By:    */s/ Charles H. Linehan*
                                            Robert V. Prongay
                                            Charles H. Linehan
                                            Pavithra Rajesh
                                            1925 Century Park East, Suite 2100
                                            Los Angeles, California 90067
                                            Telephone: (310) 201-9150
                                            Facsimile: (310) 201-9160
                                            Email:  clinehan@glancylaw.com

                                            *Counsel for Plaintiff Sidney Hsu and Proposed Lead Counsel for the Class*

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned, say:

I am not a party to the above case and am over eighteen years old. On October 20, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 20, 2025, at Los Angeles, California.

*/s/ Charles H. Linehan*
Charles H. Linehan

MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL
Case No. 3:25-cv-07067-JSC