**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Julie Kim and*
*[Proposed] Lead Counsel for Plaintiff and the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY HSU, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br><br>PUBMATIC, INC., RAJEEV K. GOEL, and STEVEN PANTELICK,<br><br>    Defendants. | Case No. 3:25-cv-07067-JSC<br><br>**MEMORANDUM OF LAW OF JULIE KIM IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION**<br><br>CLASS ACTION<br><br>Judge: Jacqueline Scott Corley<br>Hearing: December 4, 2025<br>Time: 10:00 a.m.<br>Courtroom: 8—19th Floor (San Francisco) |

## MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION

Lead Plaintiff Movant Julie Kim ("Mrs. Kim" or "Movant") respectfully submits this opposition to the competing lead plaintiff motion. Dkt. No. 20.

### BACKGROUND

Under the Private Securities Litigation Reform Act of 1995 (the "PSLRA") courts must appoint as lead plaintiff the person with "the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir.

1

2002); *In re Cendant Corp. Litig.*, 264 F.3d 201, 268-69 (3d Cir. 2001); 15 U.S.C. §78u-4(a)(3)(B). Here, that is Mrs. Kim.

Mrs. Kim has triggered the PSLRA's "most adequate plaintiff" presumption. First, Mrs. Kim has the largest financial interest in this litigation as he unquestionably has the largest loss of all the movants:

| Movant | Loss | |
|---|---|---|
| 1. Mrs. Kim | $7,212.91 | Dkt. No. 17-5 |
| 2. Sidney Hsu ("Mr. Hsu") | $5,397.38 | Dkt. No. 21-2 |

Second, as set forth in her opening papers, Mrs. Kim has made a *prima facie* showing of adequacy and typicality under Rule 23. *See* Dkt. No. 17 at 5-7. Further, Mrs. Kim is a sophisticated investor with 5 years of investing experience. *See* Dkt No. 17 at 6.

Finally, the presumption that Mrs. Kim is the "most adequate plaintiff," i.e., the presumptive leave plaintiff, "may be rebutted only upon proof." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). Because the competing movant can offer no proof to rebut the presumption in favor of Mrs. Kim, the Court should grant Mrs. Kim's motion in its entirety and deny the competing lead plaintiff motion.

## ARGUMENT

### I.    MRS. KIM SHOULD BE APPOINTED LEAD PLAINTIFF

The Ninth Circuit has explained that the PSLRA provides a "clear path that the district court must follow in selecting the lead plaintiff." *Cavanaugh*, 306 F.3d at 729. After determining that notice of the action was appropriate and timely, the district court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.* at 730 (emphasis in original). Importantly, "a straightforward application of the statutory scheme . . . provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case." *Id.* at 732. "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he

2

is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job." *Id.*

Utilizing this simple process confirms that Mrs. Kim should be appointed as Lead Plaintiff. Mrs. Kim has triggered the PSLRA's most adequate plaintiff presumption because she has the largest financial interest. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Mrs. Kim has the largest loss of any movant before the Court. *See* Dkt. Nos. 17-5, 21-2.

Once the Court "determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements." *Cavanaugh*, 306 F.3d at 730, 732 ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff."); *Cendant*, 264 F.3d at 263 ("The initial inquiry (i.e., the determination of whether the movant with the largest interest in the case 'otherwise satisfies' Rule 23) should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy."). Mrs. Kim satisfies the typicality and adequacy requirements.

Like all purported class members, Mrs. Kim alleges that Defendants violated the Securities Exchange Act of 1934 ("Exchange Act") by publicly disseminating false and misleading statements about the business of PubMatic, Inc. ("PubMatic" or the "Company"). Mrs. Kim purchased PubMatic securities at artificially inflated prices and was damaged thereby. These claims are also premised on the same legal and remedial theories and are based on the same types of misstatements and omissions as the class's claims. Thus, Movant satisfies the typicality requirement. *See generally Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999).

Mrs. Kim has also demonstrated her adequacy as class representative by submitting a sworn certification affirming her willingness to serve as, and carry out the responsibilities of, class representative. *See* Dkt. No. 17-3. Based on her financial interest in the litigation and satisfaction of the Rule 23 requirements at this stage, Mrs. Kim has triggered the PSLRA's most adequate plaintiff presumption. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Importantly, "once the statutory presumption has attached, it cannot be rebutted through relative comparison." *Ferrari v. Gisch*, 225 F.R.D. 599, 610 (C.D. Cal. 2004); *Cavanaugh*, 306 F.3d at 732 (explaining that courts are not to "engage[] in a freewheeling comparison of the parties competing for lead plaintiff"). Indeed, that "the presumption is rebuttable does not mean that it may be set aside for any reason that the court may deem sufficient. Rather, the statute provides that the presumption 'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff' does not satisfy the adequacy or typicality requirements of Rule 23." *Cavanaugh*, 306 F.3d at 729 n.2 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).

## II.    MRS. KIM'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("While the appointment of counsel is made subject to the approval of the court, the Reform Act clearly leaves the choice of class counsel in the hands of lead plaintiff.").

Here, Mrs. Kim has selected The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel. Rosen Law has the resources and expertise to litigate this action efficiently and aggressively. As the firm's resume reflects, it is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. Dkt. Nos. 17 at 7; 17-6. Indeed, Rosen Law is one of the preeminent securities class action law firms in the country. Rosen Law has served as sole and co-lead counsel in numerous cases around the country has recovered hundreds of millions of dollars for investors. *Id*. In 2019 alone, the ISS Institutional Securities Class Action Services ranked Rosen as the Number 3 securities class action firm both in terms of amount recovered for investors—$438,340,000—and the number of settlements—12.[1] Founding partner Laurence Rosen was also recognized by Law360 as a Titan of Plaintiffs Bar for 2020.[2]

---

[1] https://www.issgovernance.com/file/publications/ISS-SCAS-Top-50-of-2019.pdf. at p. 6-9.
[2] https://www.law360.com/articles/1254748/titan-of-the-plaintiffs-bar-rosen-law-firm-s-laurence-rosen.

MEMORANDUM OF LAW OF JULIE KIM IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION
– Case No. 3:25-cv-07067-JSC

Thus, the Court may be assured that by approving Movant's selection of counsel, the members of the class will receive excellent legal representation.

## III. THE COMPETING MOTIONS SHOULD BE DENIED

The competing motion should be denied as Movant has the greatest financial interest in the litigation, satisfies the requirements of Rule 23, and should therefore be appointed Lead Plaintiff without further analyses. *Cavanaugh*, 306 F.3d at 732 ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical.").

## CONCLUSION

For the foregoing reasons, Mrs. Kim's motion should be granted in its entirety and the competing motion should be denied.

Dated: November 3, 2025                    Respectfully submitted,

                                          **THE ROSEN LAW FIRM, P.A.**

                                          /s/Laurence M. Rosen
                                          Laurence M. Rosen, Esq. (SBN 219683)
                                          355 South Grand Avenue, Suite 2450
                                          Los Angeles, CA 90071
                                          Telephone: (213) 785-2610
                                          Facsimile: (213) 226-4684
                                          Email: lrosen@rosenlegal.com

                                          *Counsel for Julie Kim and*
                                          *[Proposed] Lead Counsel for Plaintiff and the Class*

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On November 3, 2025, I electronically filed the following **MEMORANDUM OF LAW OF JULIE KIM IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.


Executed on November 3, 2025.


/s/Laurence M. Rosen
Laurence M. Rosen

MEMORANDUM OF LAW OF JULIE KIM IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION – Case No. 3:25-cv-07067-JSC