Robert V. Prongay (SBN 270796)
  rprongay@glancylaw.com
Charles H. Linehan (SBN 307439)
  clinehan@glancylaw.com
Pavithra Rajesh (SBN 323055)
  prajesh@glancylaw.com
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Plaintiff Sidney Hsu and Proposed
Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY HSU, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PUBMATIC, INC., RAJEEV K. GOEL, and STEVEN PANTELICK,<br><br>Defendants. | Case No. 3:25-cv-07067-JSC<br><br>**SIDNEY HSU'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION OF JULIE KIM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**<br><br>Date: December 4, 2025<br>Time: 10:00 a.m.<br>Crtrm.: 8 – 19th Floor<br>Judge: Jacqueline Scott Corley |

Plaintiff Sidney Hsu ("Hsu") submits this memorandum of law in opposition to the lead plaintiff motion of Julie Kim ("Kim") (Dkt. No. 17, "Kim Motion"), and in further support of Hsu's lead plaintiff motion (Dkt. No. 20).

## I.     INTRODUCTION

The Private Securities Litigation Reform Act of 1995 (the "PSLRA") directs the Court to appoint the "most adequate plaintiff"—*i.e.*, the plaintiff "most capable of adequately representing the interests of class members"—as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA provides a rebuttable presumption that the "most adequate plaintiff" is the movant that: (1) has either filed the complaint or made a motion in response to a notice; (2) in the determination of the Court, has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff."). That presumption is rebutted, however, if the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Hsu and Kim both filed motions for appointment as lead plaintiff and approval of lead counsel pursuant to the PSLRA. However, only one movant has any financial interest: Hsu, who has a last in, first out method ("LIFO") loss of $5,397. *See* Dkt. No. 21-2. While Kim claims to have a loss of $7,212 (Dkt. No. 17-5), she in fact has no loss because she did not purchase PubMatic shares. Instead, Kim's sole basis for asserting a financial interest is to claim that her husband, Yunsoo Lee ("Lee"), purchased shares, suffered losses, and assigned his claims to Kim. However, the assignment agreement does not confer Lee's financial interest on Kim because Kim agreed to remit any recovery to Lee. The assignment agreement also fails to confer standing on Kim to pursue Lee's claims because the assignment is revocable by Lee. While Lee may have a financial interest in this action, he did not move for appointment as lead plaintiff. Kim has no standing and no financial interest.

Even if Kim had the largest financial interest (she does not), Kim is inadequate and subject to disqualifying unique defenses. Specifically, the defendants can persuasively argue that Kim lacks standing to pursue the claims that were purportedly assigned to her because the assignment is revocable. Moreover, the terms of the assignment and the fact that Kim did not execute the trades at issue would create a myriad of issues if Kim were appointed lead plaintiff. For example, it is Lee, not Kim, that made the trades at issue and as such, it is Lee who can testify as to what information he relied on in purchasing the shares and why he transacted in PubMatic. However, the fact that Lee assigned his claims away indicates that he is unwilling to be an active participant in this litigation. Without Lee's active participation, Kim cannot prove her claims. There is no reason to appoint a lead plaintiff (like Kim) who is subject to a variety of unique defenses and adequacy issues when there is another movant (Hsu) that does not present these, or any, issues and stands ready and able to act on behalf of the putative class.

Since Hsu has the largest financial interest, filed the complaint and a timely lead plaintiff motion, and otherwise satisfies the requirements of Rule 23, he is the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). Since Hsu is the presumptively most adequate plaintiff, and the presumption has not been rebutted, Hsu should be appointed lead plaintiff, and his selection of lead counsel should be approved.

## II. KIM DOES NOT HAVE A FINANCIAL INTEREST IN THIS ACTION BECAUSE THE ASSIGNMENT AGREEMENT REQUIRES THAT KIM REMIT ANY PROCEEDS TO LEE AND THE ASSIGNMENT IS REVOCABLE BY LEE

Kim admits that she personally cannot pursue the claims in this action because she did not purchase any shares and has no loss. Instead, Kim asserts that she is pursuing claims "in connection with the PubMatic securities transactions *of her husband*, *Yunsoo Lee*." Kim Motion at 1 n.1 (emphasis added). On the basis of Lee's transactions, Kim claims she has a larger financial interest than Hsu. *See* Dkt. No. 17-5. While Lee may possibly be a member of the class in this action, Kim is not. Kim has no standing to pursue the claims in this action, and therefore no financial interest. *See Petrie v. Elec. Game Card, Inc.*, 308 F.R.D. 336, 346 (C.D. Cal. 2015) (agreeing that "Dr. Lee lacks standing because . . . [the] shares were held in his wife Ms. Yu's name only").

Moreover, the Assignment Agreement does not grant Lee's financial interest to Kim. *See* Dkt. No. 17-4 ("Assignment Agreement"). The Assignment Agreement states that "[Kim] has agreed to remit any proceeds received as a result of the Assignment to [Lee]." Since the proceeds resulting from Lee's claims must be remitted back to Lee, Kim does not have a financial interest in Lee's claims. *See May v. Barclays PLC*, 2023 WL 5950689, at *14 (S.D.N.Y. Sept. 13, 2023) ("Assignments structured as the assignments were here—where all of the proceeds earned through the lawsuit on KBM Insurance's and Kristi Baker's shares were remitted back to KBM Insurance and Kristi Baker—does not give [Kenny] Baker a monetary interest in the proceeds."); *see also id.* at *13-*14 (analyzing the text and purpose of the PSLRA, and finding that "[i]t would be inconsistent with the statutory structure and purpose of the PSLRA to adopt the notion . . . that a party can achieve lead plaintiff status not by virtue of his own transactions during the proposed class period but by virtue of assignments of claims by other class members after the class period has ended and after litigation has commenced").

The Assignment Agreement also does not confer standing on Kim because the assignment is revocable by Lee. The Assignment Agreement states that the assignment may be revoked by "written consent of [the] Assignor." *See* Assignment Agreement ("This Assignment may not be revoked without the written consent of Assignor."). Here, Lee is the Assignor. *See id.* ("Yunsoo Lee, the undersigned Assignor ('Assignor'), hereby assigns . . . ."). A purported assignment agreement that is revocable by the assignor is insufficient to confer standing on the assignee. *See Maeshiro v. Yatsen Holding Ltd.*, 2023 WL 4684106, at *8 (S.D.N.Y. July 21, 2023) ("[I]f the assignor retains a right to terminate the assignee's authority to pursue claims, the assignment fails to confer standing for purposes of the [PSLRA]."); *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 18 (2d Cir. 1997) (finding that there was no assignment of claims from MLTV to AMI in part because "MLTV . . . retained the right to terminate AMI's authority to pursue MLTV's claims"); *see also In re Paysafe Ltd. Sec. Litig.*, 2024 WL 1636415, at *7 (S.D.N.Y. Apr. 16, 2024) (holding that even if an assignment agreement is "silent as to revocability," assignee's "standing could be challenged" by the defendants). As such, the Assignment Agreement does not confer on Kim standing to pursue Lee's claims.

Since Kim has neither a financial interest nor standing to represent the class, Kim is not entitled to the PSLRA presumption that she is the most adequate plaintiff.

## III. EVEN IF KIM HAD A FINANCIAL INTEREST SHE IS INADEQUATE AND SUBJECT TO DISQUALIFYING UNIQUE DEFENSES

Even if Kim had the largest financial interest and otherwise satisfied the PSLRA requirements to be the presumptively most adequate plaintiff (she does not), any presumption that she is the most adequate plaintiff would be rebutted because she is inadequate and subject to unique defenses. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Specifically, defendants will be able to argue that Kim lacks standing and that Kim is inadequate and subject to unique defenses regarding standing and Lee's participation in this action because her purported claims are derived exclusively from the Assignment Agreement.

The unique defenses related to Kim's assignment need not be ironclad to be disqualifying. The possibility that the Assignment Agreement may later distract from the more central class-wide issues is sufficient to disqualify Kim at this stage. *See In re Netflix, Inc., Sec. Litig.*, 2012 WL 1496171, at *5 (N.D. Cal. Apr. 27, 2012) ("There is no requirement at this early stage to prove a defense, only to show a degree of likelihood that a unique defense might play a significant role at trial."); *In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833, 836 (N.D. Cal. 2019) (disqualifying a lead plaintiff movant who was merely "vulnerabl[e]" to a unique defense that may or may not be successful, reasoning that the potential for the unique defense was "sufficient to dispute his adequacy and typicality") (citation omitted); *In re Peregrine Sys., Inc. Sec. Litig.*, 2002 WL 32769239, at *7 (S.D. Cal. Oct. 11, 2002) ("[W]hether these defenses will be successful is of no matter. The fact that plaintiffs will be subject to such defenses renders their claims atypical of other class members.") (quoting *Landry v. Price Waterhouse Chartered Accountants*, 123 F.R.D. 474, 476 (S.D.N.Y. 1989)).

Here, as explained *supra*, Kim is subject to the unique defense that she lacks standing since the Assignment Agreement is revocable by Lee. The existence of such standing challenges constitutes a disqualifying unique defense. *See Smajlaj v. Brocade Commc'ns Sys. Inc.*, 2006 WL 7348107, at *3 (N.D. Cal. Jan. 12, 2006) (disqualifying movant in part because "there are too many

questions surrounding [its] standing"); *Pino v. Cardone Cap., LLC*, 2020 WL 7585839, at *6 (C.D. Cal. Dec. 18, 2020) (disqualifying lead plaintiff movant where "[d]efendants may argue that he lacks standing" and "the probability that [he] will face this defense alone justifies denying his motion for appointment as co-lead plaintiff"); *see also Paysafe*, 2024 WL 1636415, at *7 (finding that an assignee lead plaintiff movant was subject to a disqualifying unique defense because the movant's "standing could be challenged" even "without definitively holding that such challenges would be successful").

Kim is also inadequate because much of the evidence required to prove her claims in this action resides with Lee, who has already indicated his unwillingness to be actively involved in this action by declining to pursue his own claims. For example, reliance is an element of securities fraud. *See In re Diamond Foods, Inc., Sec. Litig.*, 295 F.R.D. 240, 246 (N.D. Cal. 2013) ("[A] plaintiff asserting a claim for securities fraud under Section 10(b) must prove reliance."). While reliance is presumed, the defendants will have the opportunity to rebut the presumption. *See Basic Inc. v. Levinson*, 485 U.S. 224, 248 (1988) ("Any showing that severs the link between the alleged misrepresentation and . . . [plaintiff's] decision to trade at a fair market price, will be sufficient to rebut the presumption of reliance."). Here, Kim did not purchase any shares or "rely" on public information about PubMatic; Lee arguably did. No doubt, the defendants will seek discovery regarding Lee's purchases, and the information he relied on when purchasing his shares. However, there is no evidence on the record demonstrating that Lee would cooperate with such discovery. Indeed his refusal to come forward to be a lead plaintiff indicates otherwise. The class's claims should not be put in the hands of a plaintiff like Kim who lacks the evidence necessary to prove her own claims, and must instead depend on the cooperation of a third party who has already demonstrated an unwillingness to be involved. Thus, Kim is inadequate to represent the class.

In sum, even if Kim were the presumptively most adequate plaintiff (she is not), the presumption would be rebutted and Hsu should be appointed as lead plaintiff.

## IV.    HSU SHOULD BE APPOINTED AS LEAD PLAINTIFF

### A.    Hsu Is The Presumptively Most Adequate Plaintiff Because He Has The Largest Financial Interest And Satisfies The Other PSLRA Requirements

Hsu satisfies all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). First, Hsu filed the complaint in this action and a timely motion for appointment as lead plaintiff. *See* Dkt. Nos. 1, 20; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Second, Hsu satisfies the requirements of Rule 23, as demonstrated in Hsu's memorandum of law in support of his lead plaintiff motion. *See* Dkt. No. 20 at 7-9; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Finally, as explained *infra*, Hsu has the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Since the PSLRA does not mandate any particular methodology for determining which movant has the largest financial interest in the relief sought by the class, district courts are free to choose any methodology that is "both rational and consistently applied." *See Cavanaugh*, 306 F.3d at 730 n.4. District courts, however, commonly rely on the four-factor *Olsten–Lax* test, which considers: (1) total shares purchased; (2) net shares purchased; (3) net funds expended; and (4) approximate losses suffered. *See Nicolow v. Hewlett Packard Co.*, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013). Of the four factors, the fourth (losses suffered) is the "most important." *Robb v. Fitbit Inc.*, 2016 WL 2654351, at *3 (N.D. Cal. May 10, 2016); *see also Hessefort v. Super Micro Computer, Inc.*, 317 F. Supp. 3d 1056, 1059 (N.D. Cal. 2018) ("While the PSLRA does not specify how to calculate the largest financial interest, approximate losses in the subject securities is the preferred measure.") (citing *Bruce v. Suntech Power Holdings Co.*, 2012 WL 5927985, at *2 (N.D. Cal. Nov. 13, 2012)). To calculate losses suffered, the "weight of authority" dictates that the last-in-first-out (or LIFO) methodology is most appropriate. *See Hewlett Packard*, 2013 WL 792642, at *4; *Bodri v. Gopro, Inc.*, 2016 WL 1718217, at *3 (N.D. Cal. Apr. 28, 2016) (same).

Because Kim has no financial interest, Hsu has the largest financial interest as measured by every factor:

---

SIDNEY HSU'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION OF JULIE KIM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL
Case No. 3:25-cv-07067-JSC

6

| Movant | Gross Shares Purchased | Net Shares Purchased | Net Expenditure | LIFO Loss[1] |
|---|---|---|---|---|
| Sidney Hsu | 1,200 | 1,200 | $15,468 | $5,397 |
| Julie Kim | ~~2,940~~ | ~~2,340~~ | ~~$26,844~~ | ~~$7,206~~ |

Since Hsu has the largest financial interest, filed the complaint and a timely motion, and made the required *prima facie* showing of his typicality and adequacy, Hsu is entitled to the PSLRA presumption that he is the most adequate plaintiff to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

**B.     The Presumption That Hsu Is The Most Adequate Plaintiff Has Not Been Rebutted**

The lead plaintiff presumption may be rebutted upon "proof" that Hsu "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render [Hsu] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No proof has been presented that Hsu would be inadequate or subject to unique defenses. In fact, Hsu has an MBA, and more than 30 years of investing experience. *See* Dkt. No. 20 at 8. Hsu has also retained competent and experienced counsel to prosecute this action. As such, Hsu is an adequate representative, and should be appointed as lead plaintiff. *See Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status.").

**V.     HSU'S SELECTION OF LEAD COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also Cavanaugh*, 306 F.3d at 733 n.11 ("Congress gave the lead plaintiff . . . the power to select a lawyer for the class."). Here, Hsu has selected Glancy Prongay & Murray LLP to be lead counsel. Glancy Prongay & Murray LLP has the expertise, resources, and experience needed to efficiently and effectively conduct this litigation. *See* Dkt. No. 21-3 (Glancy Prongay & Murray LLP firm résumé). The firm has decades of experience

---

[1] The values in this chart are normalized using the same 90-day average price to value losses on retained shares as was used in Hsu's loss analysis. *See* Dkt. No. 21-2.

SIDNEY HSU'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION OF JULIE KIM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL
Case No. 3:25-cv-07067-JSC

7

successfully representing injured investors. *See id.* By approving Hsu's selection of counsel, the Court can be assured that the class will receive the highest caliber of legal representation. Accordingly, Hsu's selection of lead counsel for the class should be approved.

## VI.    CONCLUSION

For the foregoing reasons, Hsu respectfully requests that the Court enter an Order: (1) appointing Hsu as Lead Plaintiff; (2) approving Glancy Prongay & Murray LLP as Lead Counsel for the class; and (3) denying Kim's competing motion.

DATED:  November 3, 2025                Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

By:    */s/ Charles H. Linehan*
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  clinehan@glancylaw.com

*Counsel for Plaintiff Sidney Hsu and*
*Proposed Lead Counsel for the Class*

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned, say:

I am not a party to the above case and am over eighteen years old. On November 3, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 3, 2025, at Los Angeles, California.

/s/ Charles H. Linehan
Charles H. Linehan