**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Julie Kim and*
*[Proposed] Lead Counsel for Plaintiff and the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY HSU, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br><br>PUBMATIC, INC., RAJEEV K. GOEL, and STEVEN PANTELICK,<br><br>　　　　　Defendants. | Case No. 3:25-cv-07067-JSC<br><br>**MEMORANDUM OF LAW OF JULIE KIM IN FURTHER SUPPORT OF LEAD PLAINTIFF MOTION**<br><br>CLASS ACTION<br><br>Judge: Jacqueline Scott Corley<br>Hearing: December 4, 2025<br>Time: 10:00 a.m.<br>Courtroom: 8—19th Floor (San Francisco) |

<u>**MEMORANDUM OF LAW IN FURTHER SUPPORT OF LEAD PLAINTIFF MOTION**</u>

Lead Plaintiff Movant Julie Kim ("Mrs. Kim" or "Movant") respectfully submits this reply memorandum in further support of her lead plaintiff motion. Dkt. No. 17.

**BACKGROUND**

Mrs. Kim has the largest financial in this litigation as she has the largest loss. Dkt. No. 22, at 2. Therefore, Mrs. Kim is presumptively the most adequate plaintiff. The presumption may be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff ... will not fairly and adequately protect the interests of the class; or [ ] is subject to unique defenses that render such plaintiff incapable of adequately representing the

1

class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)–(bb). "But just because the presumption is rebuttable does not mean that it may be set aside for any reason that the court may deem sufficient." *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021) (quoting *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002)) (internal quotation marks omitted).

Competing movant provides no such requisite proof. Instead, competing movant Sidney Hsu ("Mr. Hsu") advances speculative arguments against Mrs. Kim, but "[s]peculative assertions [. . .] are [] insufficient to rebut the lead plaintiff presumption[.]" *Armour v. Network Associates, Inc.*, 171 F.Supp.2d 1044, 1054 (N.D.Cal. 2001). Mr. Hsu argues that the assignment of claims from Mrs. Kim's husband to Mrs. Kim is improper and renders her inadequate and/or atypical. As a preliminary matter, counsel for Mr. Hsu have routinely used assignments in other lead plaintiff motions in the past and to argue here that it raises unique defenses is disingenuous. Additionally, Mr. Hsu has failed to provide a single controlling legal authority in support of his speculative arguments. Therefore, Mr. Hsu has failed to rebut the presumption with the requisite proof, and Mrs. Kim remains the most adequate plaintiff to represent the class.

## ARGUMENT

### I.   MRS. KIM SHOULD BE APPOINTED LEAD PLAINTIFF

#### A.  Assignments Are Allowed in Lead Plaintiff Motions

As a preliminary matter, counsel for Mr. Hsu have routinely submitted claims assignments in connection with lead plaintiff motions in other securities class actions. *See, e.g.*, *Calhoun v. Credit Suisse Group AG, et al.*, Case No. 1:23-cv-01297-KMW-SAK, Dkt. Nos. 11, 11-4 (D.N.J.); *In re Paysafe Limited f/k/a Foley Trasimene Acquisition Corp. II Securities Litigation*, Case No. 1:21-cv-10611-ER-KHP, Dkt. Nos. 41-2 (S.D.N.Y.). Arguing now that assignments raise unique defenses is disingenuous and the sort of gamesmanship the PSLRA was designed to curb.

Indeed, courts in the Ninth Circuit and all across the country routinely appoint assignees as lead plaintiffs. *See In re Mersho*, 6 F.4th at 903 (vacating district court ruling that denied lead plaintiff appointment for a movant group whose members included an individual with an assignment); *Borteanu v. Nikola Corporation et al.*, 562 F.Supp.3d 174 (D. Ariz. 2021)

(appointing, pursuant to *In re Mersho*, a movant group as lead plaintiff, one of whose members had an assignment of claims); *Xu v. FibroGen, Inc.*, 2021 WL 3861454, at *6-7, 11 (N.D. Cal. Aug. 30, 2021); *Rieckborn v. Velti plc*, 2013 WL 6354597, at *3 (N.D. Cal. Dec. 3, 2013) (appointing assignee as lead plaintiff); *see also*, *W.R. Huff Asset Management Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 107-08 (2d. Cir. 2008) ("Courts may permit a party with standing to assign its claims to a third party, who will stand in the place of the injured party and satisfy the constitutional requirement of an 'injury-in-fact.'"); *Sokolow v. LJM Funds Mgmt., Ltd.*, 2018 WL 3141814, at *5-8 (N.D. Ill. June 26, 2018) (appointing assignee as lead plaintiff); *Boynton Beach Firefighters' Pension Fund v. HCP, Inc.*, 2017 WL 5759361, at *7 (N.D. Ohio Nov. 28, 2017) (same); *Faris v. Longtop Fin. Techs. Ltd.*, 2011 WL 4597553, at *5 (S.D.N.Y. Oct. 4, 2011) (same).

Mr. Hsu fails to provide a single controlling authority in support of his argument that Mrs. Kim has no financial interest in this action due to the assignment. The only case from this circuit[1], *Petrie v. Elec. Game Card, Inc.*, 308 F.R.D. 336, 346 (C.D. Cal. 2015), does not support Mr. Hsu's position. In *Petrie*, the movant in question lacked standing because the shares at issue were held in his wife's name and the movant ***did not*** receive an assignment from his wife. This is easily

---

[1] The other out-of-circuit cases cited by Mr. Hsu are also distinguishable. In *May v. Barclays PLC*, 2023 WL 5950689, at *14 (S.D.N.Y. Sept. 13, 2023), the court declined to appoint an assignee reasoning, in part, that the assignment of claims was indicative of gamesmanship, as the assignee had previously filed a related action only on his behalf, but included assignments in his motion for lead plaintiff upon seeing competing lead plaintiffs had greater losses. *Id.*, at *14-15. In *Maeshiro v. Yatsen Holding Limited*, 2023 WL 4684106, at *8 (S.D.N.Y. July 21, 2023), the court held that while an assignment that was revocable at will would destroy standing, the language in question was likely a "scrivener's error", as the language of the assignment required an assignor to obtain their own "written consent". The assignment here, unfortunately, included a similar typographical error. "If the intent were to *permit* the assignor to revoke the assignment at will, the document would so state, rather than *require* the assignor (somewhat nonsensically) to obtain her own "written consent" to do so." *Id.*, at n.9. As such, Mrs. Kim respectfully requests that the court not read the assignment as being revocable at will, and instead treat the assignment as the court did in *Maeshiro*. The same can be applied to *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 18 (2d Cir. 1997). *In re Paysafe Ltd. Sec. Litig.*, 2024 WL 1636415, at *7 (S.D.N.Y. Apr. 16, 2024) is also inapplicable as the assignment here is not silent as to revocability.

MEMORANDUM OF LAW OF JULIE KIM IN FURTHER SUPPORT OF LEAD PLAINTIFF MOTION – Case No. 3:25-cv-07067-JSC

distinguishable from Mrs. Kim's situation, where she received an assignment of claims from her husband. Therefore, the assignment is valid and confers standing on Mrs. Kim.

Furthermore, Mr. Hsu asserts, without citing any controlling authority, that Mrs. Kim's remittance of proceeds to her husband destroys her financial interest. This is contrary to Supreme Court precedent. *See Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 287 (2008) (finding assignee can assert claims and wondering "What does it matter what the [assignees] do with the money afterward?").

Mrs. Kim sought appointment on behalf of her husband as she speaks better English. She and her husband, as a married couple, share a financial interest in the outcome of this litigation. Mr. Hsu's arguments are unsupported by any controlling precedent. As such, Mrs. Kim properly claims the largest financial interest in this action.

**B.  Mr. Hsu's Speculative Attacks Do Not Rebut Mrs. Kim's Presumption**

Mr. Hsu also raises speculative attacks against Mrs. Kim's adequacy and typicality. This falls far short of the requisite "proof" to overcome the presumption that has attached to Mrs. Kim.

Courts in this circuit and across the country regularly appoint assignees as lead plaintiffs. *See*, *FibroGen*, 2021 WL 3861454, at *6-7 (holding that an assignment "is facially valid and does not raise concerns[.]"); *see also*, *Longtop*, 2011 WL 4597553, at *5-7 (rejecting argument that assignment would raise potential defenses that would render lead plaintiff incapable of representing the class); *Minneapolis Firefighters' Relief Ass'n v. Medtronic, Inc.*, 2009 WL 1458234, at *2 (D. Minn. May 26, 2009) (same).

Notably, Mr. Hsu has not cited a single authority – controlling or otherwise – that holds that an assignment on its face would subject the assignee to a unique defense. In *In re Netflix, Inc., Sec. Litig.*, 2012 WL 1496171, at *5 (N.D. Cal. Apr. 27, 2012), there were issues of unique defenses concerning standing because of a *lack* of assignment. The other two cases Mr. Hsu cites – *In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833, 836 (N.D. Cal. 2019) and *In re Peregrine Sys., Inc. Sec. Litig.*, 2002 WL 32769239, at *7 (S.D. Cal. Oct. 11, 2002) – stand for the general proposition that exposure to unique defenses can render a movant atypical, but in no way support

MEMORANDUM OF LAW OF JULIE KIM IN FURTHER SUPPORT OF LEAD PLAINTIFF MOTION – Case No. 3:25-cv-07067-JSC

Mr. Hsu's baseless claim that an assignment automatically renders the assignee inadequate or atypical.

The rest of Mr. Hsu's arguments are baseless and should be discounted. As previously discussed, Mrs. Kim has standing pursuant to the assignment. Numerous courts in this jurisdiction and across the country have previously appointed assignees as lead plaintiff. Therefore, any generalized speculation concerning reliance or the assignor's future cooperation in the litigation does not rise to the level of 'proof' required to rebut the presumption that Mrs. Kim is the most adequate and typical plaintiff.

Mrs. Kim has the largest financial interest in this action. She has made a *prima facie* showing of her adequacy and typicality. Mr. Hsu failed to provide the requisite proof to rebut that presumption. Therefore, Mrs. Kim respectfully requests that she be appointed lead plaintiff.

## II.    THE COMPETING MOTION SHOULD BE DENIED

The competing motion should be denied as Movant has the greatest financial interest in the litigation, satisfies the requirements of Rule 23, and should therefore be appointed Lead Plaintiff without further analyses. *Cavanaugh*, 306 F.3d at 732 ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical.").

## CONCLUSION

For the foregoing reasons, Mrs. Kim's motion should be granted in its entirety and the competing motion should be denied.

Dated: November 10, 2025                    Respectfully submitted,

                                            **THE ROSEN LAW FIRM, P.A.**

                                            /s/Laurence M. Rosen
                                            Laurence M. Rosen, Esq. (SBN 219683)
                                            355 South Grand Avenue, Suite 2450
                                            Los Angeles, CA 90071
                                            Telephone: (213) 785-2610
                                            Facsimile: (213) 226-4684

MEMORANDUM OF LAW OF JULIE KIM IN FURTHER SUPPORT OF LEAD PLAINTIFF MOTION – Case No. 3:25-cv-07067-JSC

Email: lrosen@rosenlegal.com

*Counsel for Julie Kim and*
*[Proposed] Lead Counsel for Plaintiff and the Class*

MEMORANDUM OF LAW OF JULIE KIM IN FURTHER SUPPORT OF LEAD PLAINTIFF MOTION – Case No. 3:25-cv-07067-JSC

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On November 10, 2025, I electronically filed the following **MEMORANDUM OF LAW OF JULIE KIM IN FURTHER SUPPORT OF LEAD PLAINTIFF MOTION** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.


Executed on November 10, 2025.


/s/Laurence M. Rosen
Laurence M. Rosen

MEMORANDUM OF LAW OF JULIE KIM IN FURTHER SUPPORT OF LEAD PLAINTIFF MOTION – Case No. 3:25-cv-07067-JSC