Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Charles H. Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Pavithra Rajesh (SBN 323055)
  *prajesh@glancylaw.com*
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Plaintiff Sidney Hsu and Proposed
Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY HSU, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PUBMATIC, INC., RAJEEV K. GOEL, and STEVEN PANTELICK,<br><br>Defendants. | Case No. 3:25-cv-07067-JSC<br><br>**SIDNEY HSU'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**<br><br>Date: December 4, 2025<br>Time: 10:00 a.m.<br>Crtrm.: 8 – 19th Floor<br>Judge: Jacqueline Scott Corley |

Plaintiff Hsu[1] submits this reply memorandum of law in further support of his motion for appointment as lead plaintiff and approval of lead counsel (Dkt. No. 20), and in reply to the opposition to his motion filed by Kim (Dkt. No. 22, "Kim Opp."). Hsu should be appointed as lead plaintiff and his selection of counsel should be approved. While Kim claims to have a larger loss than Hsu, Kim's purported claims in this action all derive from an assignment agreement in which Kim agreed to remit any recovery to Lee, and grants Lee the right to unilaterally revoke the assignment. As such, Kim has no financial interest, no standing, and is inadequate and subject to unique defenses. Hsu, however, has a financial interest, has standing, and is otherwise adequate and typical of the class he seeks to represent. Hsu is therefore the presumptively most adequate plaintiff to be appointed as lead plaintiff. Since Kim has not attempted to rebut the presumption, Hsu should be appointed as lead plaintiff and his selection of counsel should be approved.

## I.     KIM HAS NO FINANCIAL INTEREST, NO STANDING, AND IS INADEQUATE AND SUBJECT TO UNIQUE DEFENSES

While a proper assignment agreement confers standing, "an assignment that [is] revocable at will [destroys] standing." *See* Dkt. No. 24 ("Kim Reply"), at 3 n.1 (citing *Maeshiro v. Yatsen Holding Limited*, 2023 WL 4684106, at *8 (S.D.N.Y. July 21, 2023)). Moreover, while a proper assignment agreement confers standing even when the assignee agrees to remit the recovery to the assignor, that does not mean the assignee also receives a "financial interest" in the remitted recovery under the PSLRA, as they are two separate legal provisions. *See May v. Barclays PLC*, 2023 WL 5950689, at *12 (S.D.N.Y. Sept. 13, 2023) ("[I]t is undisputed that Baker has Article III standing to sue based on the assigned claims even though he has promised to remit any proceeds stemming from litigation back to the assignor. . . . That fact, however, does not settle whether he has a "financial interest in the relief" under the [PSLRA].").

As Hsu illustrated, Kim has no financial interest because she agree to remit any proceeds she recovers in connection with Lee's claims back to Lee. *See* Hsu Opp. at 3. Moreover, since the Assignment Agreement grants Lee the right to revoke the assignment, the Assignment Agreement

---

[1] All capitalized terms herein are as defined in Hsu's opposition memorandum (Dkt. No. 23, "Hsu Opp.").

SIDNEY HSU'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL
Case No. 3:25-cv-07067-JSC

1

does not confer standing on Kim to assert Lee's claims. *See* Hsu Opp. at 3-5. Kim is also subject to unique defenses regarding standing, and inadequate because she must rely on evidence produced by Lee to assert the assigned claims. *See* Hsu Opp. at 4-5. Despite having had a second opportunity in her opposition memorandum to address these issues, and in light of the readily-available caselaw cited in Hsu's opposition memorandum illustrating that these issues are disqualifying, Kim has declined to provide more.

In particular, Kim declined to provide more regarding Lee's ability and willingness to provide the necessary evidence and participate in discovery to the extent required for Kim to prove his assigned claims. In fact Lee is not even mentioned in Kim's opposition memorandum. Instead, Kim minimizes Lee's involvement and embellishes Kim's involvement in terms that contradict her earlier statements. *Compare* Kim Opp. at 3 ("Mrs. Kim purchased PubMatic securities at artificially inflated prices and was damaged thereby."), *with* Dkt. No. 17. at 1 n.1 ("Julie Kim pursues claims in this litigation in connection with the PubMatic securities transactions of her husband, Yunsoo Lee."). In Kim's reply memorandum, she notes that she "sought appointment . . . as she speaks better English" than Lee, but does not affirm that Lee is willing and able to be an active participant in this case going forward. Kim Reply at 4. Kim's opposition memorandum (and reply) further demonstrates her inadequacy.

Moreover, any attempt by Kim to submit a new assignment agreement or submit an amendment to her earlier assignment which removes Lee's right to revoke the assignment will be ineffective to confer standing or a financial interest on Kim because a movant must have standing and demonstrate a financial interest **at the time their motion is filed**. *See In re Bard Assocs., Inc.*, 2009 WL 4350780, at *2 (10th Cir. Dec. 2, 2009) (upholding district court, which held that "Bard demonstrated its financial interest too late because it did not produce assignments of its clients' claims until after the 60-day deadline set forth in [the PSLRA]"); *Porter v. Graftech Int'l Ltd.*, 2024 WL 2189642, at *9 (N.D. Ohio May 15, 2024) (holding "a movant's . . . evidentiary support for a claimed loss must be clearly demonstrated at the time of filing the initial motion to be appointed as lead plaintiff," and finding movant did not have the largest financial interest where "at the time of filing his motion, and in particular in his accompanying certification, it was not

SIDNEY HSU'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL
Case No. 3:25-cv-07067-JSC

2

entirely clear . . . whether he had the authority to act on behalf of his brother Jai Agrawal or on behalf of ASGH"); *In re SLM Corp. Sec. Litig.*, 258 F.R.D. 112, 115 (S.D.N.Y. 2009) (rejecting a belated assignment agreement in part because "a plaintiff must have 'Article III standing at the outset of the litigation'") (quoting *Friends of Earth, Inc. v. Laidlaw Env'tl Servs. (TOC) Inc.,* 528 U.S. 167, 189 (2000)); *In re IMAX Sec. Litig.*, 2009 WL 1905033, at *3 (S.D.N.Y. June 29, 2009) (similar). The same result is warranted here with respect to Kim—a belated revised assignment agreement or amendment to her Assignment Agreement to remove Lee's right of revocation would be insufficient to cure Kim's standing and financial interest issues.

Kim claims in her reply that Lee's right of revocation expressed in the Assignment Agreement was a drafting error, and asks the Court to reverse the meaning of the provision. *See Kim Reply* at 3 n.1. However, this request does not cure Kim's standing issues or susceptibility to unique defenses. The terms of the Assignment Agreement do not depend on what counsel for Kim meant to draft—the terms depend on the language of the Assignment Agreement and Kim and Lee's understanding of the language at the time they signed it. The plain language of the Assignment Agreement grants Lee the right to revoke the assignment. Presumably that is what Kim and Lee understood the term to mean when they signed it. Kim does not state otherwise in her reply. Defendants will argue at later stages of the litigation that the plain language is the correct interpretation—that Kim and Lee understood the agreement to grant Lee a right of revocation when they signed it. To the extent Kim now seeks to have the Assignment Agreement be interpreted otherwise, that is just further confirmation that there will be later conflict with the Defendants on this issue, and that the revocation clause makes Kim susceptible to unique defenses that will become a distraction at later stages. *See Sayce v. Forescout Techs., Inc.*, 2020 WL 6802469, at *8 n.10 (N.D. Cal. Nov. 19, 2020) (disqualifying movant subject to "unique defenses that would distract from the focus of the litigation").

Accordingly, Kim has no financial interest in this action. Even if Kim did have a financial interest (she does not), she is inadequate and subject to unique defenses regarding her standing, and Lee's ability and willingness to actively participate in this action.

SIDNEY HSU'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL
Case No. 3:25-cv-07067-JSC

3

## II.    HSU SHOULD BE APPOINTED LEAD PLAINTIFF

### A.    Hsu Is The Presumptively Most Adequate Plaintiff To Be Appointed As Lead Plaintiff

Since Kim has no financial interest, no standing, and is inadequate, and subject to unique defenses, she is ineligible for appointment as lead plaintiff, and Hsu is entitled to the presumption that he is the most adequate plaintiff to be appointed as lead plaintiff. Hsu has the largest financial interest as the only remaining movant:

| Movant | Gross Shares Purchased | Net Shares Purchased | Net Expenditure | LIFO Loss |
|---|---|---|---|---|
| Sidney Hsu | 1,200 | 1,200 | $15,468 | $5,397 |
| Julie Kim | ~~2,940~~ | ~~2,340~~ | ~~$26,844~~ | ~~$7,206~~ |

Since Hsu also filed a timely motion, and has demonstrated that he is adequate and typical, he is the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)

### B.    Kim Has Not Rebutted The Presumption That Hsu Is The Most Adequate Plaintiff

The presumption that Hsu is the most adequate plaintiff may be rebutted only upon "proof" that Hsu "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render [him] incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Kim has not challenged Hsu's adequacy, or claimed that Hsu is subject to any unique defenses. Indeed, Hsu submits that he is more than adequate as he has an MBA, and more than 30 years of investing experience. See Dkt. No. 20 at 8. Accordingly, the presumption that Hsu is the most adequate plaintiff has not been rebutted.

## III.    CONCLUSION

For the foregoing reasons, Hsu respectfully requests that the Court grant his motion and enter an Order: (1) appointing Hsu as lead plaintiff; and (2) approving Hsu's selection of Glancy Prongay & Murray LLP  as lead counsel for the class.

DATED:  November 10, 2025                    Respectfully submitted,

                                             **GLANCY PRONGAY & MURRAY LLP**

                                             By:    */s/ Charles H. Linehan*
                                             Robert V. Prongay
                                             Charles H. Linehan
                                             Pavithra Rajesh
                                             1925 Century Park East, Suite 2100
                                             Los Angeles, California 90067
                                             Telephone: (310) 201-9150
                                             Facsimile: (310) 201-9160
                                             Email:  clinehan@glancylaw.com

                                             *Counsel for Plaintiff Sidney Hsu and*
                                             *Proposed Lead Counsel for the Class*

SIDNEY HSU'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL
Case No. 3:25-cv-07067-JSC

5

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned, say:

I am not a party to the above case and am over eighteen years old. On November 10, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 10, 2025, at Los Angeles, California.

*/s/ Charles H. Linehan*
Charles H. Linehan

SIDNEY HSU'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL
Case No. 3:25-cv-07067-JSC