GIBSON, DUNN & CRUTCHER LLP
Jessica Valenzuela, Bar No. 220934
  jvalenzuela@gibsondunn.com
Jeff Lombard, Bar No. 285371
  jlombard@gibsondunn.com
310 University Avenue
Palo Alto, California 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

GIBSON, DUNN & CRUTCHER LLP
Jordan Estes (*pro hac vice*)
  jestes@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

*Attorneys for PubMatic, Inc., Rajeev K. Goel, and
Steven Pantelick*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SIDNEY HSU, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PUBMATIC, INC., RAJEEV K. GOEL, and STEVEN PANTELICK,<br><br>Defendants. | Case No. 3:25-cv-07067<br><br>**DEFENDANTS' UNOPPOSED ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIV. L.R. 3-12 AND 7-11**<br><br>Judge:       Hon. Jacqueline Scott Corley<br>Date Action Filed:     August 20, 2025 |

GIBSON, DUNN &
CRUTCHER LLP
ATTORNEYS AT LAW

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to Civil Local Rules 3-12 and 7-11 of the United States District Court for the Northern District of California, Defendants PubMatic, Inc., Rajeev K. Goel, and Steven Pantelick ("Defendants") respectfully submit this Unopposed Administrative Motion to Consider Whether Cases Should Be Related (the "Motion") to request that the following actions be related to the above-captioned case and that they be assigned to The Honorable Jacqueline Scott Corley:

- *Steffens v. Goel et al.*, No. 4-25-cv-07224-HSG (N.D. Cal.);
- *Klein v. Goel et al.*, No. 3-25-cv-07391-EMC (N.D. Cal.); and
- *Hyung v. Goel et al.*, No. 3-25-cv-07618-AMO (N.D. Cal.)

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Northern District of California Civil Local Rule 3-12(a), civil actions are related to one another, and should be assigned to the same judge, when they (1) "concern substantially the same parties, property, transaction, or event"; and (2) "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

Defendants respectfully submit that this standard is satisfied here. All the matters here concern "substantially the same" defendants, factual allegations, course of conduct, and relevant time periods. The present action, *Hsu*, is a securities class action alleging that Defendants made materially false and misleading statements and material omissions from February 2025 to August 2025 concerning PubMatic's demand-side platform revenue trends purportedly in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), resulting in damages to PubMatic's shareholders. *Steffens*, *Klein*, and *Hyung* are derivative shareholder actions also alleging various claims premised on the same alleged misstatements or omissions of PubMatic's demand-side platform revenue trends in the same time period. All Defendants in this action, *Hsu*, are also defendants in *Steffens*, *Klein*, and *Hyung*.

2

DEFENDANTS' UNOPPOSED ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIV. L.R. 3-12 AND 7-11CASE NO. 3:25-CV-07067

GIBSON, DUNN & CRUTCHER LLP

Given the substantial factual and legal overlap, assignment of a single judge to all these actions will conserve judicial resources and promote an efficient determination of these matters, as they necessarily involve overlapping legal issues, discovery demands, and related disputes. Among other things, this Court is familiar with the factual allegations underlying all of these actions as a result of the pending motions to appoint lead plaintiff and counsel in the *Hsu* matter. Having a different judge preside over *Steffens*, *Klein*, and *Hyung* would result in the "unduly burdensome duplication of labor and expense" resulting from two judges familiarizing themselves with these common factual allegations. Civil L.R. 3-12(a)(2). And because *Hsu* is the lowest-number case, the above related cases should be assigned to the Honorable Jacqueline Scott Corley pursuant to Civil L.R. 3-12(f)(3).

As required by Local Rule 7-11, Defendants' counsel contacted Mr. Hsu's counsel on November 19, 2025, to ask for Plaintiff's position on this motion. (Ritala Decl. ¶ 3.) On November 20, 2025, Mr. Hsu's counsel stated that they do not intend to oppose this motion. (Ritala Decl. ¶ 4.) Defendants' counsel also contacted counsel for Plaintiffs in *Steffens*, *Klein*, and *Hyung* on November 19, 2025 to ask for their position on this motion. (Ritala Decl. ¶ 5). On November 19–21, 2025, counsel for Plaintiffs in *Steffens*, *Klein*, and *Hyung* also stated that they do not intend to oppose this motion, and indeed are in favor of relating the cases. (Ritala Decl. ¶ 6).

Accordingly, Defendants respectfully request that the Court enter an Order granting this Motion and relating the above actions, and directing the Clerk to reassign the *Steffens*, *Klein*, and *Hyung* actions to the Honorable Jacqueline Scott Corley pursuant to Civil Local Rule 3-12.

GIBSON, DUNN &
CRUTCHER LLP
ATTORNEYS AT LAW

DEFENDANTS' UNOPPOSED ADMINISTRATIVE MOTION TO CONSIDER WHETHER
CASES SHOULD BE RELATED PURSUANT TO CIV. L.R. 3-12 AND 7-11
CASE NO. 3:25-CV-07067

DATED: November 21, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: _/s/ Jessica Valenzuela_
Jessica Valenzuela

*Attorneys for Defendants PubMatic, Inc.,
Rajeev K. Goel, and Steven Pantelick*

DEFENDANTS' UNOPPOSED ADMINISTRATIVE MOTION TO CONSIDER WHETHER
CASES SHOULD BE RELATED PURSUANT TO CIV. L.R. 3-12 AND 7-11
CASE NO. 3:25-CV-07067