1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    SIDNEY HSU,                               Case No.  25-cv-07067-JSC

                Plaintiff,
8
                                               **ORDER APPOINTING LEAD**
9        v.                                    **PLAINTIFF AND COUNSEL**

10   PUBMATIC, INC., et al.,                   Re: Dkt. Nos. 17, 20

                Defendants.
11

12

13         Sidney Hsu brings this Private Securities Litigation Reform Act ("PSLRA") securities

14   class action on behalf of himself and a group of similarly situated individuals who purchased

15   PubMatic, Inc. ("PubMatic") securities between February 27, 2025 and August 11, 2025.  (Dkt.

16   No. 1.)[1]  Now pending before the Court are Julie Kim's and Mr. Hsu's motions to be appointed

17   lead plaintiff.  (Dkt. Nos. 17, 20.)  Having carefully considered the parties' submissions, the Court

18   concludes oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the December

19   4, 2025 oral argument, GRANTS Mr. Hsu's motion to be lead plaintiff, and appoints Glancy

20   Prongay & Murray LLP as lead counsel.  (Dkt. No. 20.)  The Court DENIES Ms. Kim's motion.

21   (Dkt. No. 17.)  Under the agreement assigning these claims to Ms. Kim, she may not have a

22   financial stake and is also subject to a unique standing defense which renders her incapable of

23   adequately representing the class.

24                                  **BACKGROUND**

25         On August 20, 2025, Mr. Hsu filed this securities class action alleging Defendants violated

26   Sections 10(b) and 20(a) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5.

27   _____

28   [1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
     ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    (Dkt. No. 1 at 17-20.)  Glancy Prongay & Murray LLP published notice of the action the same

2    day.  (Dkt. No. 21-1.)  On October 20, 2025, Mr. Hsu moved to be appointed lead plaintiff and for

3    the appointment of Glancy Prongay & Murray LLP as lead counsel.  (Dkt. No. 20.)  The same day,

4    Julie Kim also moved to be appointed lead plaintiff and for appointment of The Rosen Law Firm,

5    P.A. as lead counsel.  (Dkt. No. 17.)

6                                              **DISCUSSION**

7         Under the PSLRA, a court must "appoint as lead plaintiff the member or members of the

8    purported plaintiff class that the court determines to be most capable of adequately representing

9    the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA creates "a

10   presumption that the most adequate plaintiff" is the individual who (1) "has either filed the

11   complaint or made a motion in response to a notice"; (2) "has the largest financial interest in the

12   relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23 of the Federal

13   Rules of Civil Procedure."  *Id.* § 78u-4(a)(3)(B)(iii)(I).  This presumption "may be rebutted only

14   upon proof by a member of the purported plaintiff class that the presumptively most adequate

15   plaintiff" (1) "will not fairly and adequately protect the interests of the class" or (2) "is subject to

16   unique defenses that render such plaintiff incapable of adequately representing the class."  *Id.* §

17   78u-4(a)(3)(B)(iii)(II).

18        Both Mr. Hsu and Ms. Kim made timely motions in response to notice and so satisfy the

19   presumption's first requirement.  *See id.* § 78u-4(a)(3)(B)(i); *see also id.* § 78u-4(a)(3)(A)(i)(II)

20   (requiring proposed lead plaintiffs' motions be filed within 60 days of the publication of notice of

21   the action).

22        The second required element is to be the plaintiff "who has the greatest financial stake in

23   the outcome of the case."  *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).  Mr. Hsu alleges

24   he lost around $5,397.38, but Ms. Kim alleges she lost approximately $7,212.91.  (Dkt. No. 21-2

25   at 2; Dkt. No. 17-5 at 2.)  However, Ms. Kim admits she "pursues claims in this litigation in

26   connection with the PubMatic securities transactions of her husband, Yunsoo Lee," who assigned

27   her the right to pursue his claims.  (Dkt. No. 17 at 1 n.1; Dkt. No. 17-4 at 2.)  Furthermore, Mr.

28   Lee's and Ms. Kim's assignment agreement states Ms. Kim will "remit any proceeds received as a

1  result of the Assignment" to Mr. Lee.  (Dkt. No. 17-4 at 2.)  So, the assignment agreement does

2  not provide Ms. Kim any financial stake in this action.  *See May v. Barclays PLC*, No. 23-CV-

3  2583 (LJL), 2023 WL 5950689, at *14 (S.D.N.Y. Sept. 13, 2023) ("Assignments structured . . . —

4  [so] all of the proceeds earned through the lawsuit on KBM's Insurance and Kristi Baker's shares

5  were remitted back to KBM Insurance and Kristi Baker—do[] not give [Kenny] Baker a monetary

6  interest in the proceeds.").

7          Even if Ms. Kim had the greatest financial stake in this action, Mr. Hsu has rebutted the

8  presumption she is the most adequate plaintiff by proving Ms. Kim is "subject to unique defenses

9  that render [her] incapable of adequately representing the class."  *Id.* § 78u-4(a)(3)(B)(iii)(II).

10  "There is no requirement at this early stage to prove a defense, only to show a degree of likelihood

11  that a unique defense might play a significant role at trial."  *In re Netflix, Inc. Sec. Litig.*, Nos. 12-

12  0225 SC, 12-1030 LHK, 2012 WL 1496171, at *5 (N.D. Cal. Apr. 27, 2012); *see also Hanon v.*

13  *Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (explaining unique defenses disqualify

14  lead plaintiff to avoid "danger that absent class members will suffer if their representative is

15  preoccupied with defenses unique to it" (cleaned up)).  Because the assignment agreement only

16  states it "may not be revoked without the written consent of [Mr. Lee]," (Dkt. No. 17-4 at 2), it

17  may be revocable at will by Mr. Lee, which calls into question Ms. Kim's standing to pursue her

18  PSLRA claims.  *See Maeshiro v. Yatsen Holding Ltd.*, No. 22-CV-8165 (JPC) (BCM), 2023 WL

19  4684106, at *8 (S.D.N.Y. July 21, 2023) ("[I]f the assignor retains a right to terminate the

20  assignee's authority to pursue claims, the assignment fails to confer standing for purposes of the

21  PSLRA."); *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 18 (2d Cir. 1997)

22  (finding no assignment in part because assignor "retained the right to terminate [assignee's] power

23  to pursue [assignor's] claims").  So, Defendants' unique defense as to Ms. Kim's standing could

24  play a significant role at trial.

25          Ms. Kim's argument the revocability provision is likely a "scrivener's error," so the Court

26  should "not read the assignment as being revocable at will," is not persuasive.  (Dkt. No. 24 at 3

27  n.1.)  Even if the contract might reasonably be interpreted that way, Defendants' ability to contest

28  that interpretation makes the issue of Ms. Kim's standing a unique defense which distracts from

United States District Court
Northern District of California

1    the class-wide claims.  *See Smajlaj v. Brocade Commc'ns Sys. Inc.*, No. C 05-02042 CRB, 2006

2    WL 7348107, at *3 (N.D. Cal. Jan. 12, 2006) (disqualifying movant because "there are too many

3    questions surrounding [its] standing . . . that may give rise to unique defenses and are atypical of

4    the class as a whole"); *Pino v. Cardone Cap., LLC*, No. 2:20-CV-08499-JFW (KSx), 2020 WL

5    7585839, at *6 (C.D. Cal. Dec. 18, 2020) ("[T]he probability that [the movant] will face [standing]

6    defense alone justifies denying his motion for appointment as co-lead plaintiff."); *In re Paysafe*

7    *Ltd. Sec. Litig.*, No. 21-CV-10611 (ER) (KHP), 2024 WL 1636415, at *7 (S.D.N.Y. Apr. 16,

8    2024) ("[T]he assignments themselves are silent as to revocability, . . . increasing the likelihood

9    Defendants would at least attempt to raise such defenses.").  So, the revocability of the assignment

10   agreement subjects Ms. Kim to a "unique defense[] that render[s] [her] incapable of adequately

11   representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

12          The Court therefore turns to Mr. Hsu as the plaintiff with the next greatest financial stake.

13   The final requirement to be the presumptive lead plaintiff is to "otherwise satisf[y] the

14   requirements of Rule 23 of the Federal Rules of Civil Procedure," meaning the plaintiff must

15   "ma[ke] a prima facie showing of adequacy and typicality."  *In re Mersho*, 6 F.4th 891, 899 (9th

16   Cir. 2021) (cleaned up).  "Courts determine whether a plaintiff will adequately represent a class by

17   answering two questions: (1) do the movant and its 'counsel have any conflicts of interest with

18   other class members' and (2) will the movant and its 'counsel prosecute the action vigorously on

19   behalf of the class?'"  *Id.* at 899-900 (quoting *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985

20   (9th Cir. 2011)).  "At this step, the process is not adversarial, so the Rule 23 determination should

21   be based on only the movant's pleadings and declarations."  *Id.* at 899.

22          Mr. Hsu's pleading and declarations establish his claims are typical of those asserted by

23   the purported class because he purchased PubMatic securities during the class period and suffered

24   losses as a result of "the artificial inflation of PubMatic's stock price caused by Defendants'

25   alleged misrepresentations and omissions."  (Dkt. No. 20 at 8; Dkt. No. 1 ¶ 35; Dkt. No. 21-2 at

26   2.)  His financial interest creates a sufficient incentive to vigorously advocate for the class, and he

27   is "not aware of any conflict between his claims and those asserted on behalf of the class."  (Dkt.

28   No. 20 at 9.)  Furthermore, Mr. Hsu's proposed class counsel, Glancy Prongay & Murray LLP,

1    has submitted its firm resume as evidence it has the expertise and experience to vigorously

2    prosecute the case and intends for "the class to receive the highest caliber of legal representation."

3    (Dkt. No. 21-3; Dkt. No. 20 at 9.)  So, Mr. Hsu has made a prima facie showing of typicality and

4    adequacy, and because Ms. Kim does not attempt to rebut the presumption Mr. Hsu is the most

5    adequate plaintiff, Mr. Hsu is the proper lead plaintiff.

6                                                **CONCLUSION**

7            For the reasons stated above, the Court GRANTS Mr. Hsu's motion to be lead plaintiff in

8    this action and any subsequently filed or transferred actions that are consolidated with this action,

9    pursuant to 15 U.S.C. § 78u-4(a)(3)(B).  The Court appoints Glancy Prongay & Murray as lead

10   counsel.  Lead counsel shall have the following responsibilities and duties on behalf of lead

11   plaintiff and the putative class:

12           (a)  Preparing and filing all pleadings;

13           (b)  Briefing and arguing any and all motions;

14           (c)  Conducting any and all discovery proceedings including depositions;

15           (d)  Settlement negotiations;

16           (e)  Pretrial discovery proceedings and the preparation for trial and the trial of this matter;

17                and

18           (f)  The supervision of all other matters concerning the prosecution or resolution of the

19                consolidated action.

20           Pursuant to Docket No. 14, within 10 business days of the date of this Order, lead plaintiff

21   and Defendants shall meet and confer and submit a stipulation regarding the filing of a

22   consolidated amended complaint and Defendants' response.

23           The Court DENIES Ms. Kim's motion to be lead plaintiff.

24           This Order disposes of Docket Nos. 17, 20.

25           **IT IS SO ORDERED.**

26   Dated: November 25, 2025

27                                                            _____

28                                                            JACQUELINE SCOTT CORLEY
                                                             United States District Judge

United States District Court
Northern District of California

5