GIBSON, DUNN & CRUTCHER LLP
Jessica Valenzuela, Bar No. 220934
  jvalenzuela@gibsondunn.com
Jeff Lombard, Bar No. 285371
  jlombard@gibsondunn.com
Sofia Ritala, Bar No. 342253
  sritala@gibsondunn.com
310 University Ave
Palo Alto, CA 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

GIBSON, DUNN & CRUTCHER LLP
Jordan Estes (*pro hac vice*)
  jestes@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

*Attorneys for Defendants PubMatic, Inc., Rajeev K. Goel,*
*and Steven Pantelick*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY HSU, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:25-cv-07067 |
| Plaintiff, | **REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT** |
| v. | |
| PUBMATIC, INC., RAJEEV K. GOEL, and STEVEN PANTELICK, | |
| Defendants. | |

Gibson, Dunn &
Crutcher LLP

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Fed. R. Evid. 201(b) and *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308 (2007), Defendants PubMatic, Inc., Rajeev K. Goel, and Steven Pantelick, through their undersigned counsel, respectfully request the Court incorporate by reference and/or take judicial notice of Exhibits 1-8 attached to the accompanying Declaration of Jessica Valenzuela in support of the Defendants' Motion to Dismiss Plaintiff's Amended Class Action Complaint, filed concurrently herewith.  The Exhibits referenced herein are set forth in the table below, with a citation in the far-right column to the location in the Amended Complaint where they are quoted or referenced:

| Exhibit | Document | Date | Complaint Paragraph(s) |
|---------|----------|------|------------------------|
| 1 | Excerpts of PubMatic's 2024 Form 10-K, filed with the U.S. Securities and Exchange Commission (the "SEC") on February 27, 2025 | February 27, 2025 | 30-32 |
| 2 | Form 8-K, attaching press release entitled "PubMatic Announces Fourth Quarter and Fiscal Year Ended 2024 Financial Results," filed with the SEC on February 27, 2025 | February 27, 2025 | 29 |
| 3 | Form 8-K, attaching press release entitled "PubMatic Announces First Quarter 2025 Financial Results; Board of Directors Authorizes $100M Expansion of Share Repurchase Program," filed with the SEC on May 8, 2025 | May 8, 2025 | 33 |
| 4 | Excerpts of PubMatic's Form 10-Q for the first quarter of 2025 filed with the SEC on May 8, 2025 | May 8, 2025 | 34-35 |
| 5 | Form 8-K, attaching press entitled "PubMatic Announces Second Quarter 2025 Financial Results," filed with the SEC on or about August 11, 2025 | August 11, 2025 | 45 |
| 6 | A corrected transcript of PubMatic's Q2 2025 earnings call held on August 11, 2025 published by FactSet CallStreet, LLC | August 11, 2025 | 46-47 |
| 7 | An article on Investing.com entitled "PubMatic's SWOT analysis; adtech firm navigates DSP headwinds amid CTV growth," published on August 13, 2025 | August 13, 2025 | 49 |
| 8 | A corrected transcript of a question and answer session with PubMatic at the Rosenblatt Virtual Technology Summit on August 19, 2025 published by FactSet CallStreet, LLC | August 18, 2025 | 50 |

Gibson, Dunn & Crutcher LLP

1

## I.    DISCUSSION

Plaintiff's Complaint relies on and quotes extensively from eight publicly available documents, including PubMatic's SEC filings, PubMatic's press releases, and transcripts from events where the Defendants made disclosures to investors.  The Court should deem those documents incorporated by reference and subject to judicial notice, and consider the documents in ruling on Defendants' Motion to Dismiss.

In ruling on motions to dismiss complaints asserting claims governed by the Private Securities Litigation Reform Act, "courts *must* consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs*, 551 U.S. at 322.[1]  Courts assessing motions to dismiss securities fraud claims under Section 10(b) and Rule 10b-5, as here, follow this Supreme Court mandate.  *See, e.g., Glazing Emps. and Glaziers Union Local #27 Pension and Ret. Fund v. iRhythm Techs., Inc.*, 2025 WL 1569421, at *4-5 (N.D. Cal. June 3, 2025) (Corley, J.) (finding incorporation by reference of twelve documents containing challenged statements proper and taking judicial notice of fifteen documents, including SEC filings, websites, and conference call transcripts); *Bhangal v. Hawaiian Electric Industries, Inc.*, 2024 WL 4505465, at *6 (N.D. Cal. Oct. 15, 2024) (Corley, J.) (finding incorporation by reference of twenty documents proper and taking judicial notice of thirteen documents).

Incorporation by reference is a doctrine that permits courts to treat documents as though they are "part of the complaint itself." *In re PG&E Corp. Sec. Litig.*, 806 F. Supp. 3d 962, 984 (N.D. Cal. 2025).  A document is incorporated by reference into a complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).  The doctrine exists to "preven[t] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—

---

[1] Unless stated otherwise, all emphasis in quoted statements is added, and all internal quotations and citations are omitted.  Citations to " ¶ " or " ¶¶ " refer to paragraphs of the Complaint.  Unless otherwise defined herein, all capitalized terms have the meaning set forth in the Motion.

2

Gibson, Dunn &
Crutcher LLP

or doom—their claims." *PG&E*, 806 F. Supp. 3d at 984-85 (citing *Khoja*, 899 F.3d at 1002); *see also In re CNET Networks, Inc.*, 483 F. Supp. 2d. 947, 953 (N.D. Cal. 2007) ("[N]otice of the full text of documents referenced in a complaint is proper under the doctrine of incorporation by reference."). Documents containing the alleged misrepresentations form the basis of a Section 10(b) claim and are thus subject to incorporation by reference. *See Khoja*, 899 F.3d at 1004-05. It is also proper to incorporate by reference documents containing alleged corrective disclosures. *See id.* at 1005 (holding article that purportedly revealed the alleged fraud was properly incorporated by reference).

"Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014). While the truth of the incorporated document may not be assumed if such assumptions would "only serve to dispute facts stated in a well-pleaded complaint," *Khoja*, 899 F.3d at 1003, documents incorporated by reference can be used to contradict conclusory allegations. *Kang v. PayPal Holdings, Inc.*, 620 F. Supp. 3d 884, 896 (N.D. Cal. 2022) (citing *J.K.J. v. City of San Diego*, 17 F.4th 1247, 1254 (9th Cir. 2021)); *see In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) ("*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations." (emphasis in original)).

In addition to considering documents incorporated by reference in ruling on a motion to dismiss, the Court also must consider matters that are properly subject to judicial notice. *See Tellabs*, 551 U.S. at 322. Distinct from the doctrine of incorporation by reference set forth above, judicial notice extends to "matters of public record outside the pleadings." *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 820-21 (C.D. Cal. 1998) (citing *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)). Courts may take judicial notice of a fact that is "not subject to reasonable dispute," meaning it is either "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). And the Court "*must* take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

Gibson, Dunn &
Crutcher LLP

3

REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:25-CV-07067

For the reasons discussed below, Exhibits 1 through 8 are incorporated by reference and must be considered as part of the Complaint under authorities set forth above. Although not necessary for the Court to consider them on Defendants' Motion to Dismiss, Exhibits 1 through 8 are subject to judicial notice as well.

**A.      SEC Filings (Exhibits 1-5)**

Defendants request that the Court incorporate by reference excerpts of PubMatic's 2024 Form 10-K, filed with the SEC on February 27, 2025 (Exhibit 1); excerpts of PubMatic's Q1 2025 Form 10-Q, filed with the SEC on May 8, 2025 (Exhibit 4); and PubMatic's Form 8-Ks containing PubMatic's earnings press releases, filed with the SEC on February 27, 2025 (Exhibit 2), May 8, 2025 (Exhibit 3), and August 11, 2025 (Exhibit 5). Exhibits 1-5 form the basis of Plaintiff's Section 10(b) claim as they contain allegedly false and misleading statements that Plaintiff challenges in the Complaint, as well as the alleged corrective disclosure. *See* ¶¶ 30-32 (Exhibit 1), ¶ 29 (Exhibit 2), ¶ 33 (Exhibit 3), ¶¶ 34-35 (Exhibit 4), ¶ 45 (Exhibit 5). Plaintiff also refers to and extensively quotes from these documents in the Complaint. *See* ¶¶ 29-35, 45. For example, paragraph 29 of the Complaint contains over two full pages of text quoted from PubMatic's February 27, 2025 earnings press release (Exhibit 2), and paragraphs 30 through 32 contain three single-spaced pages of text quoted from PubMatic's 2024 Form 10-K (Exhibit 1). It is hard to imagine a circumstance where documents have been cited more extensively, and incorporation by reference is proper here. *See, e.g.*, *Ritchie*, 342 F.3d at 908 (incorporation by reference appropriate where "the plaintiff refers extensively to the document"); *Das v. Unity Software, Inc.*, 2024 WL 1141733, at *6 (N.D. Cal. Mar. 15, 2024) (incorporating SEC filings that complaint "relie[d] on").

Moreover, the doctrine of incorporation by reference exists to "preven[t] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002. Here, the Complaint does exactly that. Plaintiff selectively quotes PubMatic's SEC filings while disregarding portions of those same filings that directly undermine his claims. For instance, the Complaint omits disclosures in PubMatic's Form 8-K filings demonstrating that PubMatic informed investors about challenges with

4

Gibson, Dunn & Crutcher LLP

REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT CASE NO. 3:25-CV-07067

its DSP customers.  Ex. 2 at 6-7; Ex. 3 at 8; Mot. at 5-6.  Those facts weaken Plaintiff's theory of the alleged fraud.  *Id.* at 19.  The Complaint likewise ignores portions of the Exhibits that show that PubMatic repurchased its own stock during the alleged Class Period, which directly undermines Plaintiff's scienter argument.  See Ex. 3 at 3, 6; Ex. 5 at 5; Mot. at 21-22.  The Court should reject Plaintiff's attempt to cherry pick select statements from PubMatic's SEC filings while ignoring the full context of the incorporated documents.  *See Khoja*, 899 F.3d at 1002.

Because Exhibits 1-5 are incorporated by reference into the Complaint, and because the Complaint is devoid of *any* well-pled allegations, the Court can assume the truth of the Exhibits for the purposes of the motion to dismiss, and "need not accept as true conclusory allegations that are contradicted by documents referenced in the Complaint."  *In re Sentinelone, Inc. Sec. Litig.*, 2024 WL 3297150, at *2 (N.D. Cal. July 2, 2024) (citing *In re Eventbrite*, 2020 WL 2042078, at *7).

In addition to being incorporated by reference, Exhibits 1-5 are also subject to judicial notice.  Courts routinely take judicial notice of matters of public record, including SEC filings and press releases attached thereto.  *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings subject to judicial notice); *Unity Software*, 2024 WL 1141733, at *7 (taking judicial notice of Forms 10-K and 8-K, including press releases); *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1062 (C.D. Cal. 2012) ("Courts in the Ninth Circuit routinely take judicial notice of press releases.").  SEC filings such as Exhibits 1-5 are also judicially noticeable because they are not subject to reasonable dispute.  *See Strezsak v. Ardelyx Inc.*, 2024 WL 1160900, at *4 (N.D. Cal. Mar. 18, 2024) (documents "filed with the SEC that are available to the public through the SEC's website" are not subject to reasonable dispute, and their "accuracy" "cannot reasonably be questioned").

**B.      Transcripts (Exhibits 6 and 8)**

The Court should also incorporate by reference two corrected transcripts from events where PubMatic made disclosures to investors: PubMatic's Q2 2025 earnings call held on August 11, 2025 (Exhibit 6), and the August 19, 2025 Rosenblatt Virtual Technology Summit (Exhibit 8).  Plaintiff extensively quotes from these documents in the Complaint and relies on Exhibit 6 to attempt to plead

5

Gibson, Dunn & Crutcher LLP

loss causation. *See* ¶¶ 46-47 (Exhibit 6), ¶ 50 (Exhibit 8). Plaintiff also mischaracterizes Goel's statements from PubMatic's August 11, 2025 earnings call by selectively quoting analyst questions and creating the impression that Goel was responding to a different question than the ones actually posed. *Compare* ¶ 47 *with* Ex. 6 at 17-18. Additionally, the Complaint omits Pantelick's response to the analyst question quoted in paragraph 47, in which Pantelick discloses that PubMatic observed a "notable decline" in spend in July 2025. Ex. 6 at 18. Incorporation by reference is appropriate to prevent Plaintiff from selectively (and misleadingly) quoting these Exhibits. *See Khoja*, 899 F.3d 988 at 1002. Exhibits 6 and 8 are therefore properly incorporated by reference into the Complaint, and the Court may assume their truth for the purposes of the motion to dismiss. *See id.*

Exhibits 6 and 8 are also subject to judicial notice. *See Jui-Yang Hong v. Extreme Networks, Inc.*, 2017 WL 1508991, at *10 (N.D. Cal. Apr. 27, 2017) (taking judicial notice of transcripts of conference calls and press releases "for the purposes of demonstrating what was disclosed to investors"); *Sneed v. AcelRx Pharms., Inc.*, 2024 WL 2059121, at *4 (N.D. Cal. May 7, 2024) (taking judicial notice of earnings call transcripts because they are "matters of public record not subject to reasonable dispute").

**C.    News Article (Exhibit 7)**

Exhibit 7, an August 13, 2025 Investing.com article titled "PubMatic's SWOT analysis; adtech firm navigates DSP headwinds amid CTV growth," should also be incorporated by reference. In ¶ 49, Plaintiff quotes nine continuous paragraphs from the article in their entirety, spanning over one full page of single-spaced text in the Complaint. Plaintiff quotes the article extensively and thus incorporates it by reference into the Complaint, and the Court may assume their truth for the purposes of the motion to dismiss. *See Khoja*, 899 F.3d 988 at 1002.

Exhibit 7 is also the proper subject of judicial notice because it is a news article that is available publicly on the Investing.com website and not reasonably subject to dispute. *See WeWork Cos. Inc. v. WePlus (Shanghai) Tech. Co., Ltd.*, 2020 WL 83845, at *2 (N.D. Cal. Jan. 7, 2020) ("Publically [sic] accessible websites and news articles are proper subjects of judicial notice.").

Gibson, Dunn & Crutcher LLP

REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:25-CV-07067

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court incorporate by reference and/or take judicial notice of Exhibits 1-8 in its consideration of Defendants' Motion to Dismiss the Complaint.

Dated: April 10, 2026          GIBSON, DUNN & CRUTCHER LLP

By: _/s/ Jessica Valenzuela_
       Jessica Valenzuela

*Attorneys for Defendants PubMatic, Inc., Rajeev K. Goel, and Steven Pantelick*

Gibson, Dunn & Crutcher LLP