GIBSON, DUNN & CRUTCHER LLP
Jessica Valenzuela, Bar No. 220934
jvalenzuela@gibsondunn.com
Jeff Lombard, Bar No. 285371
jlombard@gibsondunn.com
310 University Avenue
Palo Alto, California 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

GIBSON, DUNN & CRUTCHER LLP
Jordan Estes (*pro hac vice*)
jestes@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

*Attorneys for PubMatic, Inc., Rajeev K. Goel, and Steven Pantelick*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SIDNEY HSU, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PUBMATIC, INC., RAJEEV K. GOEL, and STEVEN PANTELICK,<br><br>Defendants. | Case No. 3:25-cv-07067<br><br>**DEFENDANTS' UNOPPOSED ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASE SHOULD BE RELATED PURSUANT TO CIV. L.R. 3-12 AND 7-11**<br><br>Judge: Hon. Jacqueline Scott Corley<br>Date Action Filed: August 20, 2025 |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to Civil Local Rules 3-12 and 7-11 of the United States District Court for the Northern District of California, Defendants PubMatic, Inc., Rajeev K. Goel, and Steven Pantelick ("Defendants") respectfully submit this Unopposed Administrative Motion to Consider Whether Case Should Be Related (the "Motion") to request that the following action be related to the above-captioned case and that it be assigned to The Honorable Jacqueline Scott Corley:

- *Jurkovic v. Goel et al.*, No. 3:26-cv-08104 (N.D. Cal.);

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Northern District of California Civil Local Rule 3-12(a), civil actions are related to one another, and should be assigned to the same judge, when they (1) "concern substantially the same parties, property, transaction, or event"; and (2) "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

Defendants respectfully submit that this standard is satisfied here. These matters concern "substantially the same" defendants, factual allegations, course of conduct, and relevant time periods. The present action, *Hsu*, is a securities class action alleging that Defendants made materially false and misleading statements and material omissions from February 2025 to August 2025 concerning PubMatic's demand-side platform revenue trends purportedly in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), resulting in damages to PubMatic's shareholders. *Jurkovic* is a derivative shareholder action also alleging various claims premised on the same alleged misstatements or omissions of PubMatic's demand-side platform revenue trends in the same time period. All Defendants in this action, *Hsu*, are also defendants in *Jurkovic*.

*Jurkovic* is also substantively identical to the consolidated shareholder derivative action already pending before this Court, *In re PubMatic, Inc. Derivative Litig.*, No. 3:25-cv-07224 (the

"Consolidated Derivative Action"). On December 3, 2025, this Court ordered the three derivative actions comprising that matter—*Steffens v. Goel, et al.*, No. 3:25-cv-07224; *Klein v. Goel, et al.*, No. 3:25-cv-07391; and *Hyung v. Goel, et al.*, No. 3:25-cv-07618—related to one another and to *Hsu*. Related Case Order, ECF No. 33 (Dec. 3, 2025). Those actions were subsequently consolidated for all purposes pursuant to the parties' stipulation. Stipulation Consolidating Related Shareholder Derivative Actions and Appointing Co-Lead Counsel for Plaintiffs ¶ 2, *In re PubMatic, Inc. Derivative Litig.*, No. 3:25-cv-07224 (N.D. Cal. Dec. 5, 2025), ECF No. 33. The stipulation governing the Consolidated Derivative Action further provides that its terms apply to "each shareholder derivative action arising out of the same, or substantially the same, transactions or events as these cases, which are subsequently filed in, removed to, reassigned to, or transferred to this Court," and that any such action "shall be consolidated into the Consolidated Action." *Id.* ¶ 9. Defendants accordingly expect that, upon relation, *Jurkovic* will be consolidated into the Consolidated Derivative Action and subject to the same stay.

Given the substantial factual and legal overlap, assignment of a single judge to these actions will conserve judicial resources and promote an efficient determination of these matters, as they necessarily involve overlapping legal issues, discovery demands, and related disputes. Among other things, this Court is familiar with the factual allegations underlying these actions, having considered and ruled on Defendants' motion to dismiss the complaint in *Hsu*. ECF No. 48. This Court is likewise already presiding over the Consolidated Derivative Action, which arises from the same alleged conduct as *Jurkovic*. Having a different judge preside over *Jurkovic* would result in the "unduly burdensome duplication of labor and expense" resulting from two judges familiarizing themselves with these common factual allegations. Civil L.R. 3-12(a)(2). And because *Hsu* is the lowest-number case, the above related case should be assigned to the Honorable Jacqueline Scott Corley pursuant to Civil L.R. 3-12(f)(3).

As required by Local Rule 7-11, Defendants' counsel contacted Mr. Hsu's counsel on August 12, 2026, to ask for Plaintiff's position on this motion. (Ritala Decl. ¶ 3). On August 13, 2026, Mr. Hsu's counsel stated that they do not intend to oppose this motion. (Ritala Decl. ¶ 4).

Defendants' counsel also contacted Mr. Jurkovic's counsel on August 7, 2026 to ask for their position on this motion. (Ritala Decl. ¶ 5). On August 11, 2026, Mr. Jurkovic's counsel also stated that they do not intend to oppose this motion. (Ritala Decl. ¶ 6).

Accordingly, Defendants respectfully request that the Court enter an Order granting this Motion and relating the above action, and directing the Clerk to reassign the *Jurkovic* action to the Honorable Jacqueline Scott Corley pursuant to Civil Local Rule 3-12.

DATED: August 21, 2026

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Jessica Valenzuela*
Jessica Valenzuela

*Attorneys for Defendants PubMatic, Inc., Rajeev K. Goel, and Steven Pantelick*